# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALEEM EL-AMIN, | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No. 16-75 (ABJ) |
| JOSEPH VIRGILIO, | ) |
|        Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has sued his former attorney, Joseph Virgilio, for legal malpractice and fraud. The claims are based on Virgilio's representation of plaintiff in the District of Columbia Court of Appeals ("DCCA") on direct appeal of his state conviction for armed robbery. The defendants, Joseph Virgilio, Esq. and Office of Attorney at Law, PLLC, have moved to dismiss on several grounds, including *res judicata*. *See* Defs.' Mot. to Dismiss the Am. Compl. [Dkt. # 25]. Since the Superior Court of the District of Columbia previously adjudicated the merits of the same claims against the same defendants, the court agrees that this action is precluded. So the court will grant defendants' motion without addressing their other valid reasons for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Mot. at 1-2.

## BACKGROUND

**1. Plaintiff's Criminal Proceedings**

In May 2014, plaintiff was charged with armed robbery. In July 2014, the grand jury returned a superseding indictment adding a second count of assault with a dangerous weapon

("ADW"). *See* Defs.' Mem. at 2 [Dkt. # 25-1] and Ex. 1. In September 2014, a jury trial was held in D.C. Superior Court before Judge William M. Jackson. Plaintiff was represented by appointed counsel, April Downs. *Id*. Based on the facts adduced at trial, the trial judge determined that the assault with a dangerous weapon was simply a lesser included offense of armed robbery. Therefore, he dismissed the separate ADW charge on September 16, 2014, and declined defense counsel's request to instruct the jury on that charge. *See* Am. Compl. and Attachs. [Dkt. # 23]; Defs.' Mem. at 2. Plaintiff was convicted of armed robbery and sentenced on November 14, 2014, to a prison term of ten years. Defs.' Mem. at 2.

On April 2, 2015, the DCCA appointed Virgilio to represent plaintiff on direct appeal. After unsuccessfully moving in the DCCA to withdraw as appellate counsel and to permit plaintiff to proceed *pro se*, Virgilio filed an appellate brief on November 23, 2015. *Id*. at 2-3. While the appeal was pending, Virgilio was served with plaintiff's lawsuit filed in D.C. Superior Court. Virgilio then filed a motion on January 21, 2016, to withdraw as appellate counsel, which was granted on February 17, 2016. The DCCA appointed new counsel to represent plaintiff on direct appeal. *See* Defs.' Mem. at 3.

**2. Plaintiff's Prior Lawsuits**

Plaintiff filed two separate actions against the defendants in Superior Court. The first complaint, filed on December 31, 2015, alleging fraud, was summarily dismissed on March 8, 2016. Defs.' Mem. at 3; *see* Order [Dkt. # 25-2 at 30]. The second complaint, filed on January 4, 2016, and amended on January 15, 2016, to add Virgilio's law office, alleged negligent misrepresentation and fraud. Defs.' Mem. at 3-4.

The Superior Court resolved the merits of the latter action in a decision issued in April 2016. There, plaintiff alleged that Virgilio had "omitted a legal argument from the appellate

2

brief he submitted on Plaintiff's behalf" with respect to the alleged "acquittal" of the ADW charge. *El-Amin v. Virgilio*, No. 2016 CA 00009 B, at 1 (D.C. Super. Ct. Apr. 5, 2016) [Dkt. # 25-2 at 32-38]. He contended that Virgilio had "erred by not addressing the judge's decision not to instruct the jury on the lesser included offense," thereby "omitt[ing] a material fact that he had a duty to disclose." *Id*. at 2. Plaintiff sought "injunctive relief of incarceration" and $1.6 million in monetary damages. *Id*.

The Superior Court determined as to plaintiff's "claims for fraudulent and negligent misrepresentation or omission" that he had "failed to adequately plead reliance or damages . . . as is required in a case pleading fraudulent misrepresentation." *Id*. at 6. As to plaintiff's assertion "that his 'fact of acquittal' was omitted from the appellate brief prepared by Defendant Virgilio," the court determined that because plaintiff was convicted of armed robbery, his "claim that the Defendants acted negligently by failing to include an acquittal which did not occur is without merit." *Id*. Finally, as to plaintiff's claim that defendants had "falsely omitted or represented a material fact, namely, Defendant Virgilio's failure to include the trial court's decision not to instruct the jury on the lesser included charge of [ADW] among the grounds for [his] appeal," the court found that "Virgilio's decisions regarding which legal arguments to put forth in furtherance of Plaintiff's appeal is [sic] a matter of discretion, which if made with 'informed professional judgment' and 'reasonable care and skill,' cannot form the basis of a malpractice claim . . . nor constitute professional negligence or fraud." *Id*. at 6-7; *see also* Pl.'s App'x A [Dkt. # 37 at 6] (Virgilio letter to plaintiff opining on the correctness of the trial judge's treatment of the ADW charge).

The Superior Court concluded that plaintiff had failed to allege any facts to demonstrate that Virgilio's decisions "with respect to legal arguments fell below the applicable standard of

care as required in a legal malpractice action." *Id*. at 7. "That decision is currently on appeal." Defs.' Mem. at 4.

## LEGAL STANDARD

In ruling on a Rule 12(b)(6) motion to dismiss, the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which . . . judicial notice" may be taken. *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). Court proceedings are matters of which judicial notice may be taken. *See Jenson v. Huerta*, 828 F. Supp. 2d 174, 179 (D.D.C. 2011), quoting *Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011) ("The court may take judicial notice of public records from other court proceedings."); *Akers v. Watts*, 589 F. Supp. 2d 12, 15 (D.D.C. 2008) (taking "judicial notice of the records of this Court and of other federal courts") (citations omitted). And "res judicata may be asserted in a motion to dismiss when 'all relevant facts are shown by the court's own records, of which the court takes notice.' " *Nader v. Democratic Nat. Comm.*, 590 F. Supp. 2d 164, 169 (D.D.C. 2008), citing *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008) (other citation omitted).

## ANALYSIS

Under the doctrine of *res judicata*, a claim previously adjudicated on the merits is foreclosed from being relitigated in a new action. Specifically, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). An "order is 'final' for res judicata purposes even though it is pending on appeal." *Nader*, 590 F. Supp. 2d at 169, citing *Nat'l Post Office Mail Handlers v. Am. Postal*

*Workers Union*, 907 F.2d 190, 192 (D.C. Cir. 1990); *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C. Cir. 1983).

*Res judicata* bars not only claims that were actually brought in the prior action, but also those claims or causes of action that " '*could have been raised* in that action.' " *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original), quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) ("[P]arties to a suit . . . may not relitigate any ground for relief which they already have had an opportunity to litigate--even if they chose not to exploit that opportunity whether the initial judgment was erroneous or not."). Consequently, for *res judicata* purposes, a " 'cause of action is determined by the factual nucleus, not the theory on which a plaintiff relies.' " *Sheptock v. Fenty*, 707 F.3d 326, 330 (D.C. Cir. 2013), quoting *Faulkner v. GEICO*, 618 A.2d 181, 183 (D.C. 1992). To determine whether claims derive from the same nucleus of facts, the D.C. Circuit has adopted a transactional, pragmatic approach. *Smalls*, 471 F.3d at 192, citing *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997). A court looks at " 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.' " *Stanton*, 127 F.3d at 78, quoting Restatement (Second) of Judgments § 24(2) (1982).

The instant complaint arose from the same events that formed the basis of plaintiff's January 4, 2016 complaint adjudicated in Superior Court, and it names the same defendants. Here, plaintiff reiterates that in September 2014, he was "acquitted" of assault with a dangerous weapon "as a procedural dismissal," and that the Superior Court "failed to submit assault w/ dangerous to jury for a verdict," thereby "invading the Sixth Amendment right to a jury trial[.]" Am. Compl. ¶¶ 1, 2. Plaintiff then contends that Virgilio violated professional standards "when

5

he did not disclose [on direct appeal] that [Judge] William Jackson invad[ed] [his] sixth amendment right to a jury when he removed the assault w/dangerous weapon from jury without a verdict harming my rights under Declaration of Independence and Fifth Amendment due process clause . . . of the constitution." *Id*. ¶ 3. Plaintiff demands $1.5 million in monetary relief for alleged "legal malpractice and fraud," *id*. ¶ 4, and he adds "injunctive relief" in his opposition [Dkt. # 37 at 4].

The D.C. Superior Court exercised proper jurisdiction over plaintiff's claims of malpractice and fraud arising from defendant Virgilio's performance as appellate counsel, and it resolved those claims on the merits. Therefore, plaintiff cannot litigate his claims again.

## CONCLUSION

Because the D.C. Superior Court has already adjudicated the merits of the underlying claims against the named defendants, the court concludes that this action is barred by *res judicata*. Consequently, plaintiff's pending motions for partial judgment and his "incidental motion" will be denied as moot. A separate order will issue.

_____
AMY BERMAN JACKSON
United States District Judge

DATE: May 5, 2017